# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

MARLECHIA L. SMITH                                          PLAINTIFF

v.                              No. 4:26-cv-394-DPM

UNITED STATES DEPARTMENT OF
AGRICULTURE, Brooke L. Rollins,
Secretary (Agricultural Marketing Service)        DEFENDANT

## ORDER

1.     Smith's application to proceed *in forma pauperis*, *Doc. 1*, is granted.  She reports no income and few savings.

2.     Smith's motion to appoint counsel, *Doc. 3*, is denied without prejudice.  The case is young, and the facts alleged are not beyond what a *pro se* litigant can handle.  Appointing counsel in a civil case is an extraordinary step, which is unnecessary at this point.  *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996).

3.     The Court must screen Smith's complaint. 28 U.S.C. § 1915(e)(2).   She sues her former employer, the United States Department of Agriculture, under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.  She alleges that she was subjected to a hostile work environment and wrongly fired because of her religion (Christian), age (fifty one), and race (black).  Smith worked as a program assistant at the USDA's Federal Grain Inspection Field

Office in Stuttgart, Arkansas for a few months from January 2023 until September 2023, when she was fired. *Doc. 2 at 2.*

According to Smith, she witnessed an altercation between her coworkers in July 2023. She reported it, which prompted retaliation and harassment. Smith says that a coworker pressured her to lie about what she saw and harassed for several weeks. She says that management was aware of the harassment and did nothing to deescalate the tension. Smith sought guidance from the EEOC in late August 2023. She says she was accused of unsubstantiated misconduct, attendance problems, and work-product issues. She was fired in late September 2023.

4.    There are problems with Smith's complaint. First, she doesn't explain why she believes the harassment and firing were based on her age, race, or religion. More details are needed. Second, and more importantly, it's unclear whether Smith exhausted her administrative remedies and filed a timely lawsuit after exhaustion.

An EEOC charge of discrimination must be filed within 180 days of each alleged discriminatory act and is a prerequisite for bringing both a Title VII and ADEA suit in federal court. *Shelton v. Boeing Co.,* 399 F.3d 909, 912 (8th Cir. 2005) (ADEA); *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 850–51 (8th Cir. 2012) (Title VII). Starting the clock at Smith's latest alleged-discriminatory act—her firing—Smith had until 26 March 2024 to file a charge of discrimination with the EEOC. It's

unclear whether she did.   If Smith filed a timely charge of discrimination, then she had ninety days after the EEOC issued her right-to-sue letter to bring suit in federal court.  42 U.S.C. §2000e-16(c). Because Smith hasn't attached either her charge of discrimination or the right-to-sue letter to the complaint, the Court is left to guess if she has met her statutory exhaustion requirements.

5.    The Court will give Smith until 15 June 2026, to file an amended complaint addressing these problems.  If Smith fails to amend her complaint, the Court will dismiss it without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_13 May 2026_